*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COLLEEN MARIE BERRIDGE,

        Defendant-Appellant.

UNPUBLISHED
August 27, 2020

No. 348768
Lenawee Circuit Court
LC No. 17-018748-FC

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

STEPHENS, P.J. (*concurring in part and dissenting in part*).

I write to dissent from the majority's determination that 25 points were properly scored for OV 6. In reaching their conclusion they wrote:

> When pleading guilty to manslaughter, defendant admitted that she gave Easterday the heroin and cocaine that caused his death. The record does not indicate that defendant intended to kill Easterday or do him great bodily harm. Evidence, however, established that defendant's delivery of the controlled substances created a very high risk of death or great bodily harm and that defendant knew that death or great bodily harm was a probable result.

OV 6 is intended to separate certain drug deliveries from others. It is an enhancing variable. The first factor for such enhancement is, of course, that death resulted from the delivery. Unfortunately, death arose from this delivery. However, lacking in this case is any evidence that either provides proof that the risk of death from the controlled substance in this case created an in fact elevated risk of death as compared to the ordinary delivery of a poisonous uncontrolled illegal substance. This is not a case where there was evidence that there had been reports in the community that there were drugs circulating contemporaneous with this drug buy that were laced with tainted substances, that there had been a series of contemporaneous deaths from controlled substances, or any other reputational or community information that would elevate this delivery from any other delivery. Nor is there any record evidence that this defendant had particularized knowledge that this delivery elevated the risk to the decedent from every other drug risk. Common sense indicates that any delivery of the drugs in this case created a risk of harm and the possibility

of death. However the test here is a very high risk of death, meaning more than the risk attendant to other deliveries or that the defendant had particularized knowledge that this delivery was more probably than not going to lead to great bodily harm or death. The record is devoid of such proofs. To adopt the majority's analysis would mean that in every circumstance where death emanates from a delivery, 25 or more points would be warranted.


/s/ Cynthia Diane Stephens